UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mahendra Amin,

                    **Plaintiff,**

-against-

NBCUniversal Media LLC,

                    **Defendant.**

1:23-mc-00377 (LAK) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

This is a miscellaneous action that was initiated by non-party movant Elora Mukherjee ("Movant" or "Prof. Mukherjee"), a Professor at Columbia Law School who serves as the Director of the Immigrants' Rights Clinic at the Law School. (Mukherjee Decl., ECF No. 5, ¶¶ 2, 5.) Pending before the Court is the Movant's motion to quash a non-party subpoena served upon her in an action pending in the U.S. District Court for the Southern District of Georgia entitled *Amin v. NBCUniversal Media LLC,* No. 5:21-CV-00056 (LGW) (BWC) (the "Underlying Action"). (Mot. to Quash, ECF No. 1.) For the reasons set forth below, the Movant's motion is GRANTED.

**BACKGROUND**

I.    **Facts Alleged In Underlying Action[1]**

Plaintiff in the Underlying Action, Mahendra Amin ("Dr. Amin"), is a doctor who provided gynecological medical services to patients detained at the Irwin County Detention Center ("ICDC"). On September 14, 2020, an organization called Project South released a whistleblower

---

[1] The following section is drawn from the allegations contained in the pleadings in the Underlying Action, as set forth by the court in that action (which the court assumed to be true) in its Order granting in part and denying in part the defendant's motion for judgment on the pleadings. *See Amin v. NBCUniversal Media, LLC,* No. 5:21-CV-00056, 2022 WL 16964770, at *1 & n.1 (S.D. Ga. Nov. 16, 2022).

letter (the "Letter") addressed to the Department of Homeland Security ("DHS"), the U.S. Immigrant and Customs Enforcement ("ICE") Atlanta Field Office and the ICDC alleging various deficiencies in detainees' treatment at ICDC. Dawn Wooten, a former nurse at the ICDC, was the alleged source of the information in the Letter. The Letter focused on issues with the ICDC's COVID-19 protocols, but it also raised alarm about high rates of hysterectomies at the ICDC. Project South also released the Letter to the news media.

NBCUniversal Media LLC ("NBCU") broadcasted on its network MSNBC five reports about the Letter between September 15 and September 17, 2020. In addition to reporting the allegations in the Letter, NBCU interviewed a detainee and several lawyers representing the detainees and reviewed the detainees' medical records. In NBCU's broadcasts, it reported that Dr. Amin, who was not cited by name in the Letter, had performed large numbers of unnecessary hysterectomies on immigrant women detained at the ICDC. By releasing the Letter to the media, Ms. Wooten and Project South did not follow DHS protocol for submitting complaints to the agency. Had they followed DHS protocol, the Letter would not have been made public.

Dr. Amin alleges that, after NBCU's broadcasts, he suffered public hatred, contempt, scorn and ridicule, including stalking, being called names and receiving hateful comments, death threats and bomb threats. On August 26, 2021, Dr. Amin's lawyer sent a letter to NBCU indicating that the statements in the broadcasts were false and defamatory and demanding a retraction and correction. NBCU refused to publish a retraction or correction. Dr. Amin then filed the Underlying Action for defamation against NBCU on September 9, 2021. (Amin Compl., S.D. Ga. 5:21-CV-00056, ECF No. 1.)

**II.     Prior Related Action**

There is a prior related action currently pending in the Middle District of Georgia, entitled *Oldaker v. Giles*, Case No. 7:20-CV-00224 (WLS) (MSH) (the "*Oldaker* Action"). The *Oldaker* Action was first brought on November 9, 2020 when Petitioner Yanira Yesenia Oldaker ("Ms. Oldaker") filed a Petition for Writ of Habeas Corpus and Declaratory and Injunctive Relief, asserting, among other things, that her First and Fifth Amendment rights had been violated. *See Oldaker v. Johnson*, No. 7:20-CV-00224 (WLS), 2021 WL 4254864, at *1 (M.D. Ga. Sept. 17, 2021). On December 21, 2020, Petitioners filed a Consolidated Amended Petition for Writ of Habeas Corpus and Class Action Complaint for Declaratory and Injunctive Relief and for Damages, in which Dr. Amin is named as a Respondent-Defendant. *See id*. at *2.

The current pleading in the *Oldaker* Action is the Consolidated Second Amended Class Action Complaint for Declaratory and Injunctive Relief and for Damages, which alleges in part that Dr. Amin performed invasive, nonconsensual and medically unnecessary procedures and surgeries against immigrant women at the ICDC. (Oldaker SAC, ECF No. 3-1, ¶ 1.) Prof. Mukherjee is one of the lead litigation counsel for plaintiffs in the *Oldaker* Action. (Movant Mem., ECF No. 2, at 2.) Discovery currently is stayed in the *Oldaker* Action in part because of pending criminal investigations into allegations of Dr. Amin's misconduct. (*See id*.)

**III.    Facts Relevant To Instant Motion**

On April 1, 2023, Ms. Oldaker was served with a subpoena for her non-party deposition in connection with the Underlying Action, calling for her deposition to be held in Columbia, South Carolina. (*See* Movant Mem. at 3; Oldaker Subpoena, D.S.C. 3:23-MC-00251 ECF No. 1-2.) On April 13, 2023, Ms. Oldaker filed in the District of South Carolina a Motion to Stay and to Quash the

Deposition Subpoena or, In the Alternative, to Modify. *See In re Yanira Oldaker Subpoena*, 3:23-MC-00251 (MGL). Following a court-ordered stay of the deposition while the parties conferred about a consensual resolution, an agreement was reached regarding the conduct of the deposition. (Movant Mem. at 3.)

On July 27, 2023, the deposition of Ms. Oldaker was taken in the Underlying Action. (Movant Mem. at 3.) Prof. Mukherjee and Fatma Marouf ("Prof. Marouf"), Professor of Law and Director of the Immigrant Rights Clinic at Texas A&M University School of Law, represented Ms. Oldaker. (*Id*.) Stacey Evans ("Attorney Evans") represented Dr. Amin and Cynthia Counts ("Attorney Counts") represented NBCU. (*Id*.)

Prior to the lunch break during Ms. Oldaker's deposition, Attorney Evans stated that she had concluded her questioning of Ms. Oldaker and indicated that she may have other questions after counsel for NBCU was finished with her questioning. (Oldaker Dep. Tr., ECF No. 23,[2] at 109 ("[ATTORNEY] EVANS: Ms. Oldaker, those are the questions that I have for you. I may have a couple after Ms. Counts talks to you, but thank you for your time.").) After the lunch break, Attorney Evans reversed course and stated that she had "a few more questions for Ms. Oldaker before [she] pass[ed] it to NBCUniversal." (*Id*. at 113-14.) Attorney Evans then proceeded to ask Ms. Oldaker about who Ms. Oldaker had spoken with during the lunch break and what was discussed. (*Id*. at 114-16.) Ms. Oldaker testified about her lunch conversations with Prof. Mukherjee, Prof. Marouf and Attorney Counts. (*See id*.)

---

[2] The transcript of Ms. Oldaker's deposition was designated as confidential in the Underlying Action (Movant Mem. at 3) and has been filed under seal in this action. Nevertheless, the parties have included in their publicly filed memoranda the content of the transcript that is relevant to the pending motion to quash (*see* Movant Mem. at 3-5; Pl.'s Opp. Mem., ECF No. 25, at 3-5) and the Court also includes such content.

Attorney Evans then called to the attention of counsel the provisions of District of South Carolina Local Rule 30.04(E), (F) and (G) regarding prohibited "off the record" conferences during depositions or breaks or recesses regarding the substance of witness testimony.[3] (Oldaker Dep. Tr. at 117-18.) Attorney Evans then asked Mr. Oldaker's counsel "to please comply with subsection G and note conversations with the witness during breaks during the deposition and also share on the record the purpose and outcome of those conversations." (*Id*. at 118.) Prof. Mukherjee complied with Attorney Evans request and made numerous statements on the record, and responded to inquiries from Attorney Evans. (*See id*. at 118-20, 122-23.) Prof. Mukherjee apologized and stated that she "was not familiar with [the] local rule." (*Id*. at 118.)

Following the deposition, on August 4, 2023, a joint status report was filed in the District of South Carolina. (8/4/23 Status Rpt., D.S.C. 3:23-MC-00251 ECF No. 23.) In the status report, the parties noted that the deposition of Ms. Oldaker had taken place on July 27, 2023 and

---

[3] District of South Carolina Local Civil Rule 30.04 provides in relevant part:

(E) Counsel and witnesses shall not engage in private, "off the record" conferences during depositions or during breaks or recesses regarding the substance of the testimony at the deposition, except for the purpose of deciding whether to assert a privilege or to make an objection or to move for a protective order.

(F) Any conferences that occur pursuant to, or in violation of, Local Civ. R. 30.04(E) (D.S.C.) are proper subjects for inquiry by deposing counsel to ascertain whether there has been any witness coaching and, if so, to what extent and nature.

(G) Any conferences that occur pursuant to, or in violation of, Local Civ. Rule 30.04(E) (D.S.C.) shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall be noted on the record.

. . .

(J) Violation of this rule shall be deemed to be a violation of a court order and shall subject the violator to sanctions under Fed. R. Civ. P. 37(b)(2).

D.S.C. Local Civ. R. 30.04.

therefore that Ms. Oldaker's motion to quash was moot. (*Id*. at 1.) With respect to the off-the-record conferences that occurred during the deposition, the status report stated:

> [C]ounsel for Dr. Amin is considering moving for sanctions to address off-the-record conferences that occurred between Ms. Oldaker, her counsel, and counsel for NBCUniversal during the deposition. Counsel for Dr. Amin will promptly decide whether to file a motion for sanctions after receipt and review of the transcript of Ms. Oldaker's deposition. Counsel for Dr. Amin seeks the Court's guidance on whether any such motion should be filed in this matter or in a new miscellaneous matter to be filed with the Court. Counsel for Ms. Oldaker will oppose any motion seeking sanctions against them.
>
> If the Court wishes to hear a potential motion for sanctions in the present case, Dr. Amin will provide a Status Report to the Court within seven (7) days of receipt of the Oldaker deposition transcript stating whether he will move for sanctions. If the Court does not wish to hear a potential motion for sanctions in this matter, the parties jointly request dismissal and closure of the case, with leave for Dr. Amin to file a motion for sanctions in another matter.

(*Id*.) On the same day, the District of South Carolina court entered a text order deeming the motion to quash moot and closing the case. (8/4/23 Text Order, D.S.C. 3:23-MC-00251 ECF No. 24.)

On August 16, 2023, Attorney Evans sent an email to Prof. Mukherjee, among others, stating: "[W]e are concerned that counsel for Defendant [*i.e.*, NBCU] and counsel for the witness violated Local Rule 30.04(E) during the lunch break and during at least three smaller breaks during the deposition." (Aug. 2023 Emails, ECF No. 3-5, at PDF p. 5.) Attorney Evans then stated that, before she filed a motion for sanctions, she wanted to take Prof. Mukherjee's deposition and requested cooperation in scheduling the deposition. (*See id*.)

On August 24, 2023, counsel for Prof. Mukherjee responded to Attorney Evans stating that "any deposition of [Prof. Mukherjee] . . . [was] inappropriate, unwarranted, and [had] no basis in law or fact" and that Attorney Evan had "cited no authority . . . requiring such

6

deposition[]." (Aug. 2023 Emails at PDF p. 4.) Later, in response to continued insistence by counsel for Dr. Amin that Prof. Mukherjee's deposition be taken, and an inquiry whether service of a subpoena for such deposition would be accepted (*see id*. at PDF p. 3), counsel for Prof. Mukherjee stated:

> You already had the opportunity to inquire about any off-the-record conversations [Prof. Mukherjee] may have had with Ms. Oldaker. [Prof. Mukherjee] very clearly and thoroughly stated as much on the record. The Rule does not contemplate, and you have not cited a single case where, the deposing attorney was allowed to depose counsel for the witness after the deposition. Thus, the requirements of the Local Rule are met and a deposition is wholly inappropriate in these circumstances.

(*Id*. at PDF p. 2.) Thus, Prof. Mukherjee and her counsel refused to accept service of a subpoena. (*See id*.)

On September 19, 2023, a subpoena was served upon Prof. Mukherjee in the Underlying Action. (Mukherjee Subpoena, ECF No. 6-1.) On October 12, 2023, Prof. Mukherjee filed the instant motion to quash in this Court. (*See* Mot. to Quash.) On October 20, 2023, four law professors who serve as putative class counsel in the *Oldaker* Action filed a brief as *amici curiae* in support of the motion to quash. (Amici Br., ECF No. 20-1.)

On October 23, 2023, counsel for Dr. Amin filed their response to the motion to quash (*see* Pl.'s Opp. Mem.), as well as a request for costs, expenses, and attorneys' fees, pursuant to 28 U.S.C. § 1927. (Pl.'s Not. of Req., ECF No. 26.) On October 24, 2023, Prof. Mukherjee filed her reply. (*See* Reply, ECF No. 27.) On October 25, 2023, the Court held a telephone conference in which counsel for Prof. Mukherjee, counsel for Dr. Amin, amici counsel and counsel for NBCU participated.

**LEGAL STANDARDS**

Rule 45 of the Federal Rules of Civil Procedure permits a party to command a non-party to provide deposition testimony. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). Under Rule 26, the party seeking discovery bears the initial burden of showing that the testimony sought in the subpoena is relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Assuming the testimony sought is relevant and proportional to the needs of the case, the burden then shifts to the party opposing discovery to show that the testimony sought is privileged or unduly burdensome. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv) (court "must quash or modify a subpoena" that "requires disclosure of privileged or other protected matter, if no exception or waiver applies;" or "subjects a person to undue burden").

Courts recognize a special concern about the burdens imposed on the adversary process when lawyers themselves are the subject of discovery requests. *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70 (2d Cir. 2003). In *Friedman*, the Second Circuit adopted a "flexible approach to lawyer depositions," whereby the court must take into consideration "all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." *Id*. at 72. Such considerations include "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *Id*.

"A determination to grant or deny . . . a motion to quash a subpoena is discretionary." *Pegoraro v. Marrero*, No. 10-CV-00051 (AJN) (KNF), 2012 WL 1948887, at *4 (S.D.N.Y. May 29, 2012) (citing *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973); *Friedman*, 350 F.3d at 68).

8

## ANALYSIS

For the reasons set forth below, the Court, in its discretion, hereby GRANTS the Movant's motion to quash.

In the papers he submitted in opposition to the motion to quash, Dr. Amin argues that Prof. Mukherjee violated District of South Carolina Local Civil Rule 30.04 by having off-the-record conferences with Prof. Mukherjee's client, Ms. Oldaker, who was the deponent, during the course of Ms. Oldaker's deposition and that Prof. Mukerjee's deposition "is sought to determine the extent of [the] violation and to seek evidence to counter the potentially coached and curated testimony of Ms. Oldaker during the lunch break" and to "prob[e] whether a motion for sanctions against [Prof.] Mukherjee and/or [Attorney] Counts is necessary." (Pl.'s Opp. Mem. at 1-2, 12.) Thus, in the papers submitted to the Court, Dr. Amin's central premise in seeking to take the deposition of Prof. Mukherjee was that Prof. Mukherjee purportedly violated District of South Carolina Local Civil Rule 30.04. (*See id*. at 1 (discussions during lunch break "directly and obviously violated District of South Carolina Local Rule 30.04(E) . . ."), 18 ("There is no dispute: [Prof.] Mukherjee violated the rule."); *see also* Evans Decl., ECF No. 25-1, ¶ 25 ("I have conducted all discovery in this case, including seeking testimony from Ms. Mukherjee arising from her and Ms. Counts's violation of United States District Court of South Carolina Local Rule 30.04 . . ..").)

As an initial matter, it is not clear to the Court that the District of South Carolina Local Civil Rules were applicable to Ms. Oldaker's deposition. The subpoena issued to Ms. Oldaker contains the caption of Underlying Action in the Southern District of Georgia. (*See* Oldaker Subpoena.) The front page of the deposition transcript for Ms. Oldaker contains the same caption listing the Southern District of Georgia, and the videographer at the deposition stated on the record that

the deposition was being held "in the matter of Dr. Mahendra Amin, M.D., plaintiff, versus NBCUniversal Media, LLC, defendant, in the United States District Court for the Southern District of Georgia. Civil action number 5:21-CV-00056-LGW-BWC." (Oldaker Dep. Tr. at 4.) Thus, it is unclear whether the deposition was taken by agreement of the parties in the Underlying Action pursuant to Rule 29 of the Federal Rules of Civil Procedure ("the parties may stipulate that: (a) a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified—in which event it may be used in the same way as any other deposition"), or whether the deposition was taken under the auspices of, and subject to the Local Civil Rules of, the District of South Carolina. As Dr. Amin himself notes in his opposition memorandum, "there are no general proceedings in the District of South Carolina; Dr. Amin's case is in the Southern District of Georgia, and Ms. Oldaker brought a new proceeding in the District of South Carolina for the sole purpose of contesting the subpoena for her deposition." (Pl.'s Opp. Mem. at 16 (internal quotation marks omitted).) Notably, neither Prof. Mukherjee nor Attorney Evans was admitted *pro hac vice* in the District of South Carolina. The last status report filed in the District of South Carolina stated that the applications of Prof. Mukherjee and Attorney Evans for such admission were "forthcoming." (*See* 8/4/23 Status Rpt. at 2.)

It also is unclear to the Court whether the District of South Carolina has the jurisdiction to impose sanctions upon Prof. Mukherjee. *Cf. Hall v. Sw. Airlines Co.*, 282 F.R.D. 419, 420 (N.D. Tex. 2012) (Local rule "facially prohibits an attorney not admitted to the bar of this Court and not admitted pro hac vice from taking a deposition in an action pending in this Court. . . . [I]f courts in this district were to allow attorneys to act as counsel of record without officially appearing as such, the Court's ability to police attorneys' conduct would be extremely curtailed.").

10

Even if Local Civil Rule 30.04 was applicable, to the extent it was violated by Prof. Mukherjee,[4] it is not clear to the Court that sanctions may be imposed upon Prof. Mukherjee and/or Attorney Counts under the Rule. Local Civil Rule 30.04(J) states that violation of the Rule "shall subject the violator to sanctions under Fed. R. Civ. P. 37(b)(2)." D.S.C. Local Civ. R. 30.04(J). However, Rule 37(b)(2), by its title, only applies to "Sanctions Sought in the District Where the Action Is Pending." *See* Fed. R. Civ. P. 37(b)(2). By contrast Rule 37(b)(1), by its title, applies to "Sanctions Sought in the District Where the Deposition Is Taken." *See* Fed. R. Civ. P. 37(b)(1). Significantly, Local Civil Rule 30.04 does not reference Rule 37(b)(1), but only references Rule 37(b)(2). *See* D.S.C. Local Civ. R. 30.04(J). Thus, since the Underlying Action is pending in the Southern District of Georgia, and is not pending in the District of South Carolina, it would seem that sanctions cannot be imposed under Rule 37(b)(2), or by extension under D.S.C. Local Civil Rule 30.04(J).

Regardless of all the foregoing, the Court finds, in its discretion, that the testimony sought by Dr. Amin from Prof. Mukherjee is not proportional to the needs of the case. During Ms. Oldaker's deposition, Attorney Evans invoked District of South Carolina Rule 30.04, and that Rule

---

[4] It is not clear to the Court that the Rule was violated by Prof. Mukherjee with respect to the private conferences that Prof. Mukherjee and her co-counsel, Prof. Marouf, had with their client, Ms. Oldaker, during breaks in Ms. Oldaker's deposition (aside from the conference during which Attorney Counts participated). Local Civil Rule 30.04(E) states that counsel and "witnesses" shall not engage in private conferences during depositions or recesses (except to assert a privilege, make an objection or move for a protective order), and that counsel must note such conferences on the record. *See* D.S.C. Local Civ. R. 30.04(E), (G). However, "[t]he case law is silent as to whether [the] Local Rule applies to conferences between attorneys and *clients*." *Hulsey v. HomeTeam Pest Def. LLC*, No. 2:10-CV-03265 (DCN), 2012 WL 1533759, at *3 n.8 (D.S.C. May 1, 2012) (emphasis in original). Many courts have found that the substance of private conferences between counsel and clients during the course of a deposition to be protected by the attorney-client privilege. *See, e.g., Pape v. Suffolk Cnty. Soc'y for Prevention of Cruelty to Animals*, No. 20-CV-01490 (JMA) (JMW), 2022 WL 1105563, at *4 (E.D.N.Y. Apr. 13, 2022); *see generally* Brian R. Iverson, *Give Me A Break: Regulating Communications Between Attorneys and Their Witness-Clients During Deposition Recesses*, 36 Geo. J. Legal Ethics 497 (2023).

11

provided the means to Plaintiff's counsel to obtain relevant information that she successfully pursued, *i.e.*, to make inquiry "to ascertain whether there has been any witness coaching and, if so, to what extent and nature." *See* Local Civ. R. 30.04(F). During the deposition, Prof. Mukherjee, at the request of Attorney Evans, stated on the record what she discussed with her client during breaks and Attorney Evans asked follow-up questions, which Prof. Mukherjee and Prof. Marouf answered. (*See* Oldaker Dep. Tr. at 118-24.) Prof. Mukherjee and Prof. Marouf stated, with respect to discussions regarding interactions with Dr. Amin, that they did not tell Ms. Oldaker what to say.[5] (*See id*. at 121-23.) Based upon the foregoing, further testimony from Prof. Mukherjee regarding what she said to Ms. Oldaker during breaks is not warranted.

Similarly, testimony by Prof. Mukherjee regarding what Attorney Counts discussed with Ms. Oldaker during the lunch break is not proportional to the needs of the case. Immediately after the lunch break, Attorney Evans asked Ms. Oldaker questions about what she talked about with Attorney Counts during the lunch break. (*See* Oldaker Dep. Tr. at 114-16, 125.) Then, later, after Attorney Counts finished her examination of Ms. Oldaker, Attorney Evans asked additional questions to Ms. Oldaker regarding what Attorney Counts discussed with her during lunch. (*See id*. at 220, 223-225.)

During today's telephone conference, Attorney Evans argued that discovery from Prof. Mukherjee is necessary because, after Attorney Counts made an objection to one of the questions that Attorney Evans asked of Ms. Oldaker regarding her conversations with Attorney Counts, Ms. Oldaker proceeded to state that she did not recall in response to Attorney Evans'

---

[5] These discussions took place among Prof. Mukherjee, Prof. Marouf and Ms. Oldaker outside the presence of Attorney Counts. (*See* Oldaker Dep. Tr. at 125 ("Ms. Marouf: Yeah. [Attorney Counts] was not present for any of those conversations.").)

questions so as to stymie Attorney Evans in her examination. However, a review of the deposition transcript reflects that, after Attorney Counts' objection, Ms. Oldaker responded to only two topics with a lack of recall. (*See* Oldaker Dep. Tr. at 223.)[6] Ms. Oldaker answered the remainder of Attorney Evans' questions. (*See id*. at 223-25.) In these circumstances, testimony from Prof. Mukherjee, as Ms. Oldaker's attorney, regarding what Attorney Counts discussed with Ms. Oldaker during the lunch break is not warranted.[7]

The *Friedman* factors also support quashing the subpoena served upon Prof. Mukherjee. *See Friedman*, 350 F.3d at 70. First, the Court finds that there is no need to depose Prof. Mukherjee, who represented Ms. Oldaker at her deposition in the Underlying Action, and also represents her in the *Oldaker* Action. Attorney Evans already obtained from Prof. Mukherjee information at Ms. Oldaker's deposition regarding what Prof. Mukherjee discussed with Ms.

---

[6] Q.·Ms. Oldaker, during lunch, did Ms. Counts tell you that she was going to ask you about your prior transvaginal ultrasounds? Under oath, what is your answer?

A. I can't – let's see. I don't know. I don't know. I can't remember.· I'm sorry.

. . .

Q. Ms. Oldaker, during lunch, did Ms. Counts tell you that she was going to ask you about your prior transvaginal ultrasounds?

A. I know she said she was going to talk to me about the Pap smears. But I can't remember the ultrasound, but I know she said about the Pap smears.

Q. . . .During lunch, did you discuss the issue of whether doctors had provided you literature in the past or pamphlets?

A. I don't -- I don't know. I don't know.

Q. Your answer is, I don't know?

A. I can't remember. I'm sorry.

(Oldaker Dep. Tr. at 221, 223.)

[7] At the deposition, Attorney Evans did not ask Attorney Counts what she discussed with Ms. Oldaker during the lunch break. During today's telephone conference, Attorney Evans stated that she was separately pursuing testimony from Attorney Counts on this subject.

Oldaker during deposition breaks. Second, Prof. Mukherjee's role in connection with the matter on which discovery is sought (*i.e.*, the Underlying Action) is that of counsel for Ms. Oldaker, a non-party witness. It has not been suggested that Prof. Mukherjee has first-hand knowledge regarding the Underlying Action. Third, since Prof. Mukherjee acts as attorney for Ms. Oldaker, there is a risk of encountering privilege issues. Finally, Attorney Evans also obtained testimony from Ms. Oldaker regarding what was discussed during deposition breaks.

## **CONCLUSION**

For the reasons set forth above, the Movant's motion to quash is GRANTED. The Court declines in its discretion to impose costs and attorneys' fees against either side.

**SO ORDERED.**

Dated:   New York, New York
         October 25, 2023

_____
STEWART D. AARON
United States Magistrate Judge